# In the United States Court of Federal Claims

No. 15-175C
(Filed: October 26, 2018)
NOT FOR PUBLICATION

* * * * * * * * * * * * * * * * * * * *

IRIS CORPORATION BERHAD,

                  *Plaintiff*,

v.

THE UNITED STATES,

                  *Defendant*.

Patent infringement; RCFC 12(b)(6); Patent prosecution history estoppel; Doctrine of equivalents.

* * * * * * * * * * * * * * * * * * * *

ORDER

      Plaintiff, Iris Corporation Berhad, alleges that the United States has infringed its patent for a method of manufacturing an electronic passport ("the '506 patent"). The amended complaint alleges that "agents of the United States Government" have used United States and foreign passports "that have been manufactured . . . according to one or more claims of the '506 patent by a company that has not been authorized by IRIS to practice said method when government agents examine passports at U.S. entry points." Am. Compl. ¶ 17. Plaintiff also alleges that the United States issues such passports manufactured in the United States by third parties and that those manufacturers use plaintiff's method without authorization. *Id.* ¶¶ 13, 18. Paragraph 14 begins "By way of example:" and then goes on to describe the claims of the patent and how they are infringed. Regarding Claim 1, paragraph 14 of the Amended Complaint describes the disposition of a "metal ring to surround the integrated circuit." The alleged infringement of that part of Claim 1 is described as "disposing an *equivalent* of a metal ring to surround the integrated circuit." *Id.* ¶ 14 at p. 5 (emphasis added). In paragraph 14, plaintiff has invoked the doctrine of equivalents as

1

an example of the infringement it believes has occurred by and for the United States. There are no other exemplary infringement allegations in the Amended Complaint.

The Amended Complaint was filed on April 30, 2018, shortly after which the court entered a briefing schedule for claim construction which would have concluded on March 1, 2019. Fact discovery was to conclude 60 days after our claim construction order and expert reports would have been exchanged 30 days after that. *See* Scheduling Order of May 9, 2018 (ECF No. 40). Infringement contentions were not yet due. The Answer to the Amended Complaint was due on June 14, 2018. Instead of answering, defendant filed a motion to dismiss pursuant to Rule 12(b)(6), prompting plaintiff to file a motion to vacate the claim construction schedule, which we granted. The motion to dismiss is fully briefed, and oral argument was held on September 11, 2018.

Defendant moves to dismiss on a theory of prosecution history estoppel. The thrust of the argument is that plaintiff has waived the right to allege the doctrine of equivalents with respect to the metal ring surrounding the integrated circuit because it was forced during patent prosecution to include the disposition of the metal ring as part of independent claim 1 in order to overcome an obviousness or anticipation objection by the patent examiner. *See generally Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 772 (2002) (holding that patent prosecution estoppel may bar assertions of infringement against equivalents). Citing paragraph 14, defendant argues that the Amended Complaint alleges only an equivalence theory of infringement, and thus the complaint should be dismissed because it only alleges a claim that plaintiff waived during patent prosecution.

Plaintiff responds that it has in fact alleged literal infringement, pointing to its general allegations of infringement in paragraphs 17 through 21 of the Amended Complaint. During oral argument, plaintiff gave an example of how a certain construction of the term "metal ring" would lead it to make a well-founded contention of literal infringement. Plaintiff also argues that that it has not foresworn any of the exceptions to prosecution history estoppel. Thus it finds defendant's motion premature given that neither claim construction has taken place nor has plaintiff yet provided its more particular infringement contentions.

Plaintiff also argues that the doctrine of equivalents is not a cause of action; instead it argues that, like literal infringement, equivalence is merely a method of proving infringement. The inference is that, having alleged infringement generally, the complaint survives a 12(b)(6) motion because no method of proof is claimed nor waived by such an allegation, even if the one example provided by the complaint happens to be by way of the doctrine of equivalents.[1]   We agree.

Defendant's argument regarding patent prosecution history estoppel may well ultimately prove to be successful, but the case is not yet developed to the point where the issue is joined.[2]   The terms of the patent are not yet construed nor have specific infringement contentions been made by plaintiff. After those two events, both the parties and the court will be better positioned to weigh the merits of the estoppel issue, if it remains.   Defendant's motion to dismiss is denied without prejudice. The parties are directed to file a joint status report on or before November 16, 2018, with a proposed schedule or schedules for further proceedings.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge

---

[1] Plaintiff did not request to amend its complaint to allege a particular example of literal infringement, nor do we think it is necessary given that infringement contentions are outstanding.

[2] We note that plaintiff did not argue that it has preserved equivalence with regard to the metal ring during patent prosecution.  It did, however, point out that it might prove one or more of the exceptions to prosecution history estoppel, which would preserve proving infringement by equivalents.  We do not reach the issue of the exceptions to estoppel given our holding that the issue of prosecution history estoppel generally is premature.