# In the United States Court of Federal Claims

No. 15-175C
(Filed: May 8, 2019)
(Re-Filed: May 30, 2019)[1]

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IRIS CORPORATION BERHAD,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

On March 11, 2019, defendant moved under Rule 37(b) of the Rules of the United States Court of Federal Claims for sanctions against plaintiff, IRIS Corporation Berhad (IRIS), for failing to comply with this court's Patent Rules[2] and orders detailing requirements for plaintiff's disclosures. The government argues that plaintiff's infringement contentions are deficient; that its position on prosecution history estoppel includes a waived argument; that its claim construction position includes improper citations; and that its commercial success disclosure is lacking. The government asks the court to strike many of plaintiff's disclosures in their entirety and for the court to dismiss this case. Plaintiff responds that its disclosures on each topic comply with the Patent Rules and the court's orders. The motion is fully briefed, and we held argument on May 7, 2019.

We grant defendant's motion to strike plaintiff's infringement contentions because plaintiff did not sufficiently identify where on the U.S.

---

[1] This order was originally issued under seal to permit the parties an opportunity to propose redactions on or before May 22, 2019. The parties did not file any proposed redactions. We thus reissue this order unredacted.

[2] The Patent Rules are found in Appendix J of the Rules of the United States Court of Federal Claims.

electronic passport it has identified that its patented method is used. We direct plaintiff to amend its infringement contentions to state which U.S. passports allegedly infringe the patent and where each element of each asserted claim is found. The remainder of defendant's motion is denied.

IRIS alleges that the United States infringed its U.S. Patent 6,111,506 ("the '506 patent") by using and issuing electronic passports that were manufactured according to the claims of the '506 patent without authorization from IRIS, citing the doctrine of equivalents as an example of infringement. *See* Am. Compl. ¶¶ 17-22. The government moved to dismiss plaintiff's complaint for failure to state a claim because the doctrine of equivalents was unavailable to plaintiff as a matter of law due to prosecution history estoppel.

We concluded that, although defendant's "argument regarding patent prosecution history estoppel may well ultimately prove to be successful," the issue was premature and that it should properly follow claim construction and disclosure of plaintiff's "specific infringement contentions." ECF No. 51 at 3. The court's amended scheduling order required plaintiff to disclose "its infringement contentions, claim construction positions including all intrinsic and extrinsic evidence that supports the proposed construction, and any invocation of a recognized exception to *Festo* including all supporting evidence." ECF No. 57, 59.

IRIS timely disclosed its infringement contentions, position on prosecution history estoppel, claim construction position, and its intention to rely on commercial success. Def.'s Ex. N. The government moved to strike most of plaintiff's disclosures on March 11, 2019. On April 23, the parties stipulated to several matters, including plaintiff waiving "reliance upon 'secondary considerations of nonobviousness,' either affirmatively or in response, including (1) commercial success." ECF No. 70.

Defendant first contends that plaintiff did not supply the required information identifying which passports allegedly infringe plaintiff's patent and in what way. The Patent Rules require plaintiff to serve a Preliminary Disclosure of Infringement Contentions, including "for each asserted claim, each product, process, or method that allegedly infringes the identified claim. . . . [and] a chart identifying where each element of each asserted claim is found within each accused product, process, or method." Patent Rule 4(b)-(c). Both categories require "the name and model number, if known." *Id.*

This court's October 9, 2015 case management order likewise provides that plaintiff must disclose "[t]he identity of each apparatus, product, device, process, method, act or other instrumentality of each opposing party which allegedly infringes each claim; . . . [and] [w]here each element of each infringed claim is found within each apparatus, product, device, process, method, act or other instrumentality." ECF No. 21. The court's order denying defendant's motion to dismiss anticipated that plaintiff would disclose "specific infringement contentions." ECF No. 51 at 3. A party may amend its disclosure of infringement contentions "only by court order upon a showing of good cause." Patent Rule 24.

IRIS argues that its disclosure is sufficient because it has recited how it believes the method is practiced in U.S. electronic passports. Plaintiff notes that it is not required to prove infringement at this stage. Defendant agrees but emphasizes that the disclosure requirement exists to provide notice to the government of how plaintiff plans to demonstrate infringement. The government argues that plaintiff should be able to identify specific versions of the passports from particular suppliers and where on those passports the alleged infringement can be seen, drawing from the materials defendant has produced.

We agree with the government. One function of required disclosures in discovery is "to allow the defendant to pin down the plaintiff's theories of liability and to allow the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case." *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). IRIS' disclosure provides no more depth than plaintiff's amended complaint: the infringing products are merely U.S. electronic passports made according to the '506 patent method. For instance, one limitation of claim one is "disposing a metal ring to surround the integrated circuit." Def.'s Ex. N. at 2. IRIS' identification of which passports and where on those passports the infringement can be seen is:

> Infineon, Gemalto and/or Smartrac as the case may be, being suppliers to the Government of inlays for electronic passports, surrounds the IC by a perimetric enclosure, at least a portion of which includes metal, said enclosure comprising both metal and Teslin or Teslin like material. Surrounding the IC with the metal and Teslin or Teslin like material enclosure, or ring,

constitutes the step of disposing a metal ring to surround the IC.  This is literal infringement.

*Id.*

The only specificity given defendant is that the class of products that infringe is "electronic passports," provided by some unspecified combination of prime contractors and subcontractors. IRIS simply replaces "metal ring" with its preferred construction of those words rather than pointing out what part of the offending electronic passports constitutes a metal ring or its equivalent. It does not provide any citations or examples that would notify the government of which specimens contain the infringement that plaintiff spots, despite having received access to the inner-workings of the United States passport some time ago. As we learned at oral argument, that access included the opportunity to completely disassemble these passports and take enlarged photographs.

IRIS' theory of infringement under the doctrine of equivalents is similarly generic. Although the limitation of "disposing a metal ring to surround the integrated circuit" is particularly significant, the government argues that plaintiff has not sufficiently identified where any of the limitations of the method are practiced by suppliers for U.S. electronic passports. The government notes that this hampers its ability to pinpoint which supplier's product is at issue.

The Patent Rules and our orders require more than plaintiff's broad recitation. The government is entitled to know where on its passports IRIS' patented method can be seen and whether it is present on passports from all suppliers or a limited number. When arguing that the court should deny the government's motion to dismiss, plaintiff was correct that it could plead infringement broadly and nail down its theories in its disclosures. Now is the time to be specific so that the parties and the court can focus their attention on the pertinent accusations during claim construction. Plaintiff has a variety of schematics and pictures in its possession that allow IRIS to identify which versions of the passport infringe on its patented method and how. The court therefore strikes plaintiff's current infringement contentions and orders it to serve amended infringement contentions on defendant on or before May 31, 2019.

Defendant also argues that the court should strike section one of plaintiff's Position with Respect to Prosecution History Estoppel as it Relates

4

to the '506 Patent. In section one, IRIS discloses its position that the doctrine of prosecution history estoppel does not apply to the '506 patent. The government contends, without citing authority, that IRIS waived that argument by failing to raise it in its response to the government's motion to dismiss. Defendant submits that the court viewed plaintiff's failure to argue the applicability of prosecution history estoppel during briefing on the motion to dismiss as a waiver when we stated in our earlier opinion,

> We note that plaintiff did not argue that it has preserved equivalence with regard to the metal ring during patent prosecution. It did, however, point out that it might prove one or more of the exceptions to prosecution history estoppel, which would preserve proving infringement by equivalents. We do not reach the issue of the exceptions to estoppel given our holding that the issue of prosecution history estoppel generally is premature.

ECF No. 51 at 3 n.2.

Although we understand defendant's frustration with plaintiff's evolving position on prosecution history estoppel, our prior order does not preclude plaintiff from arguing both the applicability of the doctrine as well as exceptions to its application. Our holding in the order denying the motion to dismiss was simply that "having alleged infringement generally, the complaint survives a 12(b)(6) motion because no method of proof is claimed nor waived by such an allegation, even if the one example provided by the complaint happens to be by way of the doctrine of equivalents." *Id.* at 3.

The issue of prosecution history estoppel thus remains premature. Plaintiff did not waive its section one argument and it appropriately disclosed its position regarding the applicability of the doctrine. We deny defendant's motion in this respect.

The government next asks the court to strike from plaintiff's claim construction position its reliance on statements made by defendant's expert during the *inter partes* review ("IPR") at the Patent and Trademark Office. Defendant argues that its expert's statements during the IPR are not part of the intrinsic record that the court may consider during claim construction; that plaintiff failed to follow the procedure for relying on expert testimony; and that the statements may not be construed as admissions. IRIS responds that it does not plan to use expert testimony, as reflected by its claim

construction position, and that the statements are part of the prosecution history and thus appropriate to consider when construing its patent's claims.

The government brought its motion under Rule 37(b), which pertains to failure to comply with a court order or to provide discovery. This portion of plaintiff's claim construction position offends neither requirement. In fact, this court's December 6, 2018 scheduling order directed plaintiff to disclose "all intrinsic and extrinsic evidence" that it would rely on for its claim construction position. ECF No. 57.

The parties disagree on whether the court may consider the evidence that plaintiff's plans to rely on during claim construction. We ultimately may agree with the government that this expert analysis should not be viewed as part of the intrinsic record. Regardless, this disagreement is properly resolved through the court's decision on claim construction, not through a motion to strike. We thus deny defendant's motion as it relates to plaintiff's claim construction position.

The government's final argument is that plaintiff's commercial success contentions are deficient. Plaintiff has stipulated that it "waives reliance upon" commercial success, mooting the government's argument on this point. ECF No. 70.

In sum, we grant defendant's motion to strike plaintiff's infringement contentions. Plaintiff is directed to amend its infringement contentions to particularly state which U.S. passports and what components in those passports allegedly infringe the elements of each infringed claim. We lift the stay on our January 29, 2019 scheduling order and amend it to provide the following deadlines:

1. Plaintiff must serve its amended infringement contentions on defendant on or before May 31, 2019.
2. Defendant shall file any motion challenging the sufficiency of plaintiff's amended contentions on or before June 7, 2019.
3. If defendant does not file a motion relating to the amended disclosure, the parties shall file a joint status report proposing a schedule for further proceedings on or before June 7, 2019.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge